UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLANKA POPOVIC,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID HANSON, et al.,<br><br>    Defendants. | Case No. 5:18-cv-03507-EJD<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Blanka Popovic commenced the instant action without counsel against Defendants David Hanson and Hanson Robotics Limited seeking a "criminal investigation and 50,000,000 to be given to the community of Targeted individuals, who are abused for AI and robotics." She asserts various violations of the "United Nation Human Rights."

As is its obligation, the court has reviewed the Complaint to determine whether Plaintiff included allegations sufficient to establish federal jurisdiction and has been guided by the principles that govern such an inquiry, while keeping in mind that Plaintiff's pleadings must be liberally construed. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013) ("[F]ederal courts have a continuing, independent obligation to determine whether subject matter jurisdiction exists."); see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[C]ourts must construe pro se pleadings liberally."). In short, Plaintiff has not done so.

**I.    RELEVANT PRINCIPLES OF FEDERAL SUBJECT MATTER JURISDICTION**

    **A.    Federal Question and Diversity Jurisdiction**

In contrast to state courts, "[f]ederal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994). Federal jurisdiction can generally

Case No.: 5:18-cv-03507-EJD
ORDER TO SHOW CAUSE
1

arise in two ways: (1) from the presence of a federal question, or (2) from diversity of the parties. 28 U.S.C. §§ 1331, 1332. For jurisdiction based on a federal question under § 1331, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).

For subject matter jurisdiction to arise on the basis of diversity under § 1332, "there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004). The amount in controversy must also exceed $75,000. Naffe v. Frey, 789 F.3d 1030, 1039 (9th Cir. 2015). For jurisdictional purposes, individuals are citizens of their states of domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("The natural person's state citizenship is [] determined by her state of domicile, not her state of residence."). In contrast, "[a] corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" Davis v. HSBC Bank Nev., N.A., 557 F.3d 1026, 1028 (9th Cir. 2008). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties" in order to confirm that all parties are diverse. Kanter, 265 F.3d at 857.

The court must look to the Complaint's jurisdictional allegations because "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996). To that end, Federal Rule of Civil Procedure 8 requires the plaintiff to provide "a short and plain statement of the grounds for the court's jurisdiction."

**B.   Substantiality Doctrine**

The substantiality doctrine acts as a limit on federal jurisdiction. Under that doctrine, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are

Case No.: 5:18-cv-03507-EJD
ORDER TO SHOW CAUSE

so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Levine, 415 U.S. 528, 537 (1974) (internal quotations and citations omitted); accord Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider."). A district court may therefore dismiss a complaint at any time, sua sponte, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations implicate the substantiality doctrine. Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)

## II. APPLICATION

In the Complaint, Plaintiff contends this case is properly situated in federal court based on a federal question. But having undertaken a liberal review of Plaintiff's allegations, the court cannot make out a claim that is either created by federal law or dependent on the resolution of a substantial question of federal law. Importantly, the document Plaintiff referenced in the Complaint as "United Nation Human Rights," which is actually known as the Universal Declaration of Human Rights, "does not of its own force impose obligations as a matter of international law" and does not constitute a form of domestic federal law upon which jurisdiction can be based. Sosa v. Alvarez-Machain, 542 U.S. 692, 734-35 (2004).

Nor does the Complaint establish a basis for diversity jurisdiction. Missing is any information about the states of domicile for Plaintiff or the individual defendant, David Hanson. Allegations merely describing where an individual resides, such as San Jose or Hong Kong, are not enough. See Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). And missing from the Complaint are allegations revealing the state of incorporation and principal place of business for the corporate defendant, Hanson Robotics Limited. Providing an address in Hong Kong where the company may be conducting business does not satisfy the requirement that Plaintiff affirmatively plead these facts.

Furthermore, the court finds the allegations in their current state are so insubstantial and

Case No.: 5:18-cv-03507-EJD
ORDER TO SHOW CAUSE

3

implausible so as to be completely devoid of merit. From what the court can discern, Plaintiff alleges she was delivered to the United States military by the CEO of Blue Shield of California so that Hanson could use her brain and body for the creation of a human-like robot. She claims to have undergone several surgeries to implant "nano technology" somehow connected to Facebook, such as "nano diamonds" in her ears, "neuro grains" in her skull, and "some type of biochip on the top" of her head. She also alleges that "strangulation technology Motorola/Google" was implanted in her throat and that during an experiment, her "spirit left the body" so that she could "hear for a moment [her] deceased father screaming." In addition, Plaintiff alleges that several well-known individuals, including Senator John McCain, Mark Zuckerberg, Elon Musk, former President Barack Obama and Queen Elizabeth, are involved in these experiments. Allegations like these have been dismissed by other courts for lack of subject matter jurisdiction under the substantiality doctrine. See, e.g., Ticktin v. CIA, No. CV 08-998-PHX-MHM, 2009 WL 976517, at *4 (D. Ariz. Apr. 9, 2009) (collecting similar cases).

### III. ORDER

For the reasons explained, the court issues an order to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

If Plaintiff does not, by **June 27, 2018**, file a written response that (1) demonstrates a basis for federal question or diversity jurisdiction in a manner consistent with the discussion above, *and* (2) explains why the Complaint's allegations do not fall within the scope of the substantiality doctrine, the court will dismiss this action without prejudice. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999).

No hearing will be held on the Order to Show Cause unless ordered by the court.

**IT IS SO ORDERED.**

Dated: June 13, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-03507-EJD
ORDER TO SHOW CAUSE

4