United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLANKA POPOVIC,<br>　　　　Plaintiff,<br>　v.<br>DAVID HANSON, et al.,<br>　　　　Defendants. | Case No. 5:18-cv-03507-EJD<br>**ORDER DISMISSING CASE** |

The court ordered Plaintiff to show cause no later than June 27, 2018, why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Dkt. No. 4. Specifically, the court instructed Plaintiff to file a "written response that (1) demonstrates a basis for federal question or diversity jurisdiction in a manner consistent with the discussion above, *and* (2) explains why the Complaint's allegations do not fall within the scope of the substantiality doctrine." Plaintiff filed a document on June 20, 2018, which the court has reviewed and construes as a response to the order. Dkt. 5. This document does not satisfy Plaintiff's burden to affirmatively demonstrate federal subject matter jurisdiction.

First, Plaintiff did not comply with the instruction that she establish a basis for either federal question or diversity jurisdiction. In the show cause order, the court explained why the Complaint's allegations were insufficient, since federal question jurisdiction cannot be based on the "United Nation Human Rights," or on the Universal Declaration of Human Rights. Dkt. No. 4, at 3:13-17. Nothing in Plaintiff's response changes the analysis of that issue. Nor does Plaintiff's reliance on the Fourteenth and Eighth Amendments assist in establishing federal question jurisdiction over this case since the defendants are private actors. See Lugar v. Edmondson Oil

Case No.: 5:18-cv-03507-EJD
ORDER DISMISSING CASE

1

Co., Inc., 457 U.S. 922, 924 (1982) (holding the Fourteenth Amendment can only be violated by the actions of a state or territory); see also Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 266 (1989) (holding the Eighth Amendment applies to government action). Moreover, the court observes that Plaintiff's references to these constitutional amendments are not meaningfully connected to any specific conduct or organized as causes of action. See Bell v. Hood, 327 U.S. 678, 682 (1946) (holding a "suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.").

Similarly, the response confirms that Plaintiff did not establish jurisdiction on the basis of diversity. Plaintiff states merely alleging information she read on a company website. Missing still are allegations confirming both the states of incorporation and principal place of business of Hanson Robotics Limited, as well as the state of David Hanson's domicile.

Finally, the return does not explain why this action should not be dismissed under the substantiality doctrine. The court maintains, therefore, that Plaintiff's allegations are so insubstantial and implausible so as to be completely devoid of merit.

Because the court cannot proceed further with Plaintiff's Complaint, the action is DISMISSED WITHOUT PREJUDICE. See Ex Parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 21, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-03507-EJD
ORDER DISMISSING CASE

2